# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| TOBY WAYNE SNYDER, #363851 | * | |
|---|---|---|
| Petitioner | * | |
| v | * | Civil Action No. ELH-11-1392 |
| WARDEN | * | |
| Respondent | * | |
| | *** | |

## MEMORANDUM

Toby Wayne Snyder ("Snyder) petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Counsel for respondent has filed a response seeking dismissal of the petition as time-barred or in the alternative, for lack of exhaustion. ECF No. 8. Snyder has replied. ECF Nos. 7 and 10. The issues are fully briefed, and the court now rules pursuant to Local Rule 105.6 (D. Md. 2011), no hearing being necessary.

## FACTS

The petition challenges Snyder's 2007 conviction in the Circuit Court for Washington County for conspiracy to distribute cocaine in Case Number 21-K-07-039082. On June 26, 2007, Snyder pleaded guilty to conspiracy to distribute cocaine and attempting to elude the police. Snyder was sentenced to eight years' incarceration, with all but one year suspended, and with credit for 126 days served, plus three years probation. Exhibit 1, Paper No. 4, pp. 1-2; Exhibit 1, p. 7. He neither noted a direct appeal nor filed for post-conviction relief. Exhibit 1.

On August 2, 2007, Snyder filed a motion for modification of sentence that he later withdrew on September 17, 2007. Exhibit 1, p. 8. Snyder was released on November 20, 2007, and transported to Pennsylvania pursuant to a detainer. *See id.*

On February 26, 2010, a warrant issued for Snyder for a parole violation. On February 26, 2010, Snyder admitted to violating parole and was sentenced to four years of incarceration. *See id.* p. 10. On August 9, 2010, he filed a motion for modification of sentence, which was denied on August 31, 2010. *See id.*

## DISCUSSION

### (i) Limitations Period

A one-year statute of limitations applies to habeas petitions challenging a state court conviction. *See* 28 U.S.C. § 2244(d);[1] *Wall v. Kholi*, _ U.S_, S. Ct. 1278, 1283 (2011). The one-

---

[1] This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the

year period is tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. § 2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

Snyder's convictions became final for the purpose of running the one-year limitations period set forth at 28 U.S.C. § 2244(d) thirty days after sentencing, when the time for filing a direct appeal expired. *See* Md. Code (2006 Repl. Vol., 2010 Supp.), Cts. & Jud. Proc. § 12-401; Md. Rule 7-104. Under these facts, the one-year limitations period commenced on July 26, 2007. Seven days ran thereafter and then the limitations period statutorily tolled when Snyder filed a motion for modification of sentence. *See* 28 U.S.C. § 2244(d) (2); *Kholi*, 131 S. Ct. at 1283.

After Snyder withdrew his motion for modification of sentence on September 9, 2007, the running of the limitations period resumed. It expired on September 2, 2008 (adjusting for the seven days that had run prior to the filing of the motion for modification). Snyder filed the instant petition on May 16, 2011, more than two years after the limitations period had expired.[2] The petition is therefore time-barred unless there are grounds for equitable tolling.

### (ii) Equitable Tolling

A petitioner is entitled to equitable tolling only if he shows that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way and prevented timely filing. *See Holland*, 560 U.S. ___, 130 S.Ct. 2549, 2562 (2010) (quoting *Pace v.*

---

pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[2] For the purpose of assessing timeliness, the court deems the petition filed on the date it is signed and presumably delivered to prison officials for mailing, May 16, 2011. *See Houston v. Lack*, 487 U.S. 266 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D. Md. 1998) (rejecting limitations defense due to applicability of prison mail-box rule).

*DiGuglielmo*, 544 U.S. 408, 418 (2005)). Generally, ineffective assistance of counsel does not warrant equitable tolling. *See Harris v. Hutchinson*, 209 F.3d 325, 331 (4th Cir. 2000). *But cf. Holland*, 560 U.S. ___, 130 S.Ct. 2549 (remanding for determination whether ineffective assistance warranted tolling in view of diligence exercised by prisoner); *United States v. Oriakhi*, 394 F. App'x 976, 977 (4th Cir. 2010) (unpublished) (noting equitable tolling based upon attorney negligence may be available in cases that are more egregious than a "garden variety claim of excusable neglect" (citing *Holland*, 130 S.Ct. at 2562–65)).

Snyder attributes his filing delay to ineffective assistance of counsel. He asserts that his trial attorney failed to inform him that he could collaterally challenge his conviction in federal court under 28 U.S.C. § 2254. ECF No. 10, p. 1. His general claim of ineffective assistancer fails to provide a basis for equitable tolling. First, Snyder fails to show that he diligently pursued his rights. Next, Snyder has not presented any facts to demonstrate extraordinary circumstance. Snyder fails to explain how his attorney's alleged ineffective assistance prevented him from pursuing relief under § 2254 or caused him to file his petition more than two years late. A petitioner's lack of familiarity with the law is neither extraordinary nor a basis for equitable tolling. *See Sosa*, 364 F. 3d at 512. Snyder has not demonstrated that "extraordinary circumstances" beyond his control prevented him from complying with the statutory time limit, and is not entitled to equitable tolling.

### (iii) Exhaustion

Even had the petition been timely or equitable tolling deemed appropriate, the court would be precluded from reaching the merits of the petitioner's claims. Before bringing a federal habeas petition, state prisoners must first exhaust their claims in the appropriate state

court. Failure to exhaust all claims requires dismissal of the complaint to allow the petitioner to first present his claims to the appropriate state courts. *See* 28 U.S.C. § 2254(b); *Granberry v. Greer*, 481 U.S. 129 (1987); *Rose v. Lundy*, 455 U.S. 509 (1982): *Preiser v. Rodriguez*, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). If a petitioner has failed in any of these ways, and if there remains a reasonable possibility that there is an available procedure for the prisoner to secure review by the state courts, either by way of direct appeal or a post-conviction proceeding, the claim is not exhausted. *See* 28 U.S.C. § 2254(c); *Gray v. Netherland*, 518 U.S. 152, 161-66 (1996).

Snyder, who is self-represented, appears to raise claims attacking his guilty plea and prosecutorial misconduct. Petition, pp. 7-9. Snyder has not pursued state post-conviction proceedings; none of these claims has been fully presented to the state courts. Therefore, he has not satisfied the exhaustion requirement.

## Certificate of Appealability

A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. *See* 28 U.S.C. § 2253(c) (1). "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at §2253(c) (2). The defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282, (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, (2000)), or that "the issues presented

were 'adequate to deserve encouragement to proceed further.' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36, (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983).

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484 (2000)). As Snyder has not made the requisite showing, there is no basis to grant a certificate of appealability.

## Conclusion

The court finds the petition untimely, and that there is no basis to apply equitable tolling. The petition shall be dismissed by separate order.

August 18, 2011
Date

/s/
Ellen L. Hollander
United States District Judge

6